IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Muhammad Al-Mujahidin, #103968, | ) | CIVIL ACTION NO. 9:13-2672-MGL-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| United States of America and | ) | |
| Federal Bureau of Investigation, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This action was filed by the Plaintiff, pro se, asserting a claim under the Freedom of Information Act (FOIA). Plaintiff, an inmate with the South Carolina Department of Corrections(SCDC), complains that he submitted an FOIA request to the FBI for "any and all copies of speeches/public address that they have on file by Dr. Martin Luther King, Jr.", but that the "FBI has been non-responsive to [Plaintiff's] inquiries on this matter nor have they provided the requested documents."

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on February 19, 2014. As the Plaintiff is proceeding pro se, a Roseboro Order was entered by the Court on February 20, 2014, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. However, notwithstanding the specific warning and instructions set forth in the Court's Roseboro

1



order, the Plaintiff has failed to file any response to Defendants' motion, which is now before the Court for disposition.[1]

Defendants assert in their motion for summary judgment that the information Plaintiff seeks does not fall within the purview of the FOIA, nor has Plaintiff availed himself or responded as instructed after being advised what steps he needed to take to obtain any relevant or applicable documents. Defendants have attached to their motion an affidavit from David Hardy, Section Chief of the Records/Information Dissemination Section, Records Management Division of the FBI, who attests that by letter dated September 28, 2012, the FBI advised Plaintiff that his FOIA request had been assigned a request number and that the FBI was searching its central records system for any information responsive to his request. Hardy further attests that in a separate letter dated October 1, 2012, Plaintiff was advised that the free search time allowed under the FOIA had expired, and that he needed to commit to pay any search fees incurred for the processing of his request going forward, or appeal this determination to the Office of Information Policy. A second letter advising of this requirement was sent to the Plaintiff on November 20, 2013. However, Hardy attests that Plaintiff failed to ever respond to the FBI's search fee letters. See generally, Hardy Affidavit, with attached Exhibits. Defendants assert that they are therefore entitled to summary judgment in this case.

As noted, Plaintiff has failed to submit any evidence, or even argument, in opposition to the Defendants' evidence submitted in this case, nor has he responded to the Defendants' motion seeking summary judgment in this case, notwithstanding the specific warning and instructions (in

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



addition to an extended response time) provided to Plaintiff in the Court's <u>Roseboro</u> order. Therefore, it is recommended that the Defendants' motion be **granted**, and that this case be **dismissed**, with prejudice.  <u>Baber v. Hosp. Corp. of America</u>, 977 F.2d 872, 874-875 (4th Cir. 1992)[Once a moving party makes a showing that judgment on the pleadings is appropriate, in order to avoid summary judgment the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial].

        The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

March 31, 2014
Charleston, South Carolina

3



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a Defendants' Exhibit novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

4
